OPINION OF THE COURT
Gary J. Weber, J.
The above-captioned criminal case against Frances Driscoll was commenced when an indictment was filed by the Grand Jury wherein the defendant Driscoll was charged with assault in the second degree, a felony, and assault in the third degree. In substance, the indictment contained the allegations by two inmates in a mental observation ward in the Suffolk County Jail. The inmates alleged that Ms. Driscoll and other correction officers had assaulted them.
Upon a review of the Grand Jury minutes, this court determined that certain exculpatory evidence had not been disclosed to counsel for the defendant which thereby unfairly impacted upon the defendant’s right to request that witnesses be called to testify before the Grand Jury. (CPL 190.50 [6].)
There was further error when certain grand jurors were permitted to participate in the voting when they had, in fact, been absent during the presentation of essential and critical evidence.
The court dismissed the indictment and granted leave for the District Attorney to re-present the case to another Grand Jury.
The District Attorney opted not to re-present the case.
The inmates have now brought a civil action in Federal court against Frances Driscoll and the County of Suffolk, inter alla.
In an effort to aid in the defense of the County against the inmates, the Suffolk County Attorney has made application pursuant to CPL 190.25 for an order directing the District Attorney of Suffolk County to disclose to the litigants in the pending civil action the Grand Jury testimony of those persons who testified relative to the above-captioned indictment which was dismissed by order of this court dated June 10, 1993.
In considering the application this court is not merely required to consider the presumption of secrecy of the Grand Jury proceedings, but also to examine the vitality of the *247 underlying public policy considerations as they relate to the case at bar.
The most often cited reasons for Grand Jury secrecy are: (1) prevention of flight by a soon to be indicted defendant; (2) protection of the grand jurors; (3) prevention of the subornation of perjury and witness tampering; (4) protection of the innocent accused; and (5) assurance to the prospective witnesses that their testimony will be kept secret as an inducement to provide testimony. (People v Di Napoli, 27 NY2d 229, 235 [1970].) The court will address these seriatim.
There is no risk that the above-named defendant, Frances Driscoll, will flee to avoid criminal prosecution. The indictment has been dismissed and the District Attorney has elected not to proceed further. Moreover, the prosecution is now time barred.
The Grand Jury which held these proceedings has long been disbanded. There are no possible future actions of this former Grand Jury upon which to work any influence. Further, it is doubtful if there is, at this time, a single person in Suffolk County who was not actually sitting on the Grand Jury who would connect this case to any particular Grand Jury or grand juror.
The disclosure of Grand Jury testimony at this juncture does not result in the risk that perjury will be suborned, but instead minimizes that very risk. Moreover, it may allow witnesses with failed memories to have their memory refreshed and avoid the perception that they have intentionally testified at variance to their previous testimony, with the attendant risk of criminal prosecution.
The individual accused by an indictment ordinarily has a strong interest in maintaining the secrecy of the Grand Jury testimony when an indictment is returned and subsequently dismissed. However, it is the defendant who requests disclosure of the minutes in order to defend herself from the accusations in a civil proceeding which are apparently similar in nature.
The secrecy of Grand Jury proceedings encourages citizens who may be possessed of relevant information to voluntarily identify themselves and provide testimony without fear of retribution. However, the most salient difference between the case at bar and other cases is that: the controlled nature of a correctional facility in this case and the small area of the facility involved has resulted in a small number of witnesses *248 to the events at issue who have already been identified to the civil litigants. Consequently, the fact that these witnesses were present before the Grand Jury was not necessarily a product of voluntary disclosure on their part. All of them were readily identifiable from jail records and subject to subpoena before the Grand Jury as well as to any civil process involved in the now pending Federal proceeding. The anonymity that Grand Jury secrecy preserves was absent in this case ab initia.
As a matter of public policy the court has a duty, where no counterbalancing evil or inequity will ensue, to remove any artificial barriers standing between these parties and the evidentiary resources needed to bring about an expeditious and just conclusion to the litigation between them. These considerations take on even added importance when, as here, a governmental entity, the County of Suffolk, is a party to the action and, as a consequence, the resources of the taxpayer are at risk.
In short, under these circumstances, there is every reason to disclose the Grand Jury testimony and no reason to withhold it.
The County Attorney is directed to produce for the District Attorney a list of witnesses to the events at issue of which his office may be aware. The District Attorney is directed to unseal the file pursuant to CPL 160.50 and examine the Grand Jury minutes. Upon such examination the District Attorney is directed to disclose to the County Attorney the Grand Jury minutes of all witnesses identified by the County Attorney. The cost of the production of these minutes is to be charged to the Office of the County Attorney.
To the extent that other counsel noticed in the County Attorney’s moving papers desire access to the minutes so disclosed, the District Attorney is directed to cooperate with them in obtaining the minutes disclosed to the County Attorney at the cost and expense of those parties wishing such access.
To the extent that one or more witnesses who testified in the Grand Jury are not identified as persons whose testimony is of value for these litigation purposes, the Grand Jury minutes will not be disclosed and the anonymity of those witnesses, if any, will thereby be preserved.
At the conclusion of this procedure the District Attorney is directed to re-seal the file pursuant to CPL 160.50.